

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>LESLIE KLEIN,<br><br>               Debtor. | BAP No. CC-25-1037-LSF<br><br>Bk. No. 2:23-bk-10990-SK |

| | |
|---|---|
| THE SECOND AMENDED KLEIN LIVING TRUST; LESLIE KLEIN; THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN; THE SURVIVOR'S TRUST OF LESLIE KLEIN; BARBARA KLEIN,<br><br>        Appellants,<br><br>v.<br><br>BRADLEY D. SHARP, Chapter 11 Trustee,<br><br>        Appellee. | **MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Sandra R. Klein, Bankruptcy Judge, Presiding

Before: LAFFERTY, SPRAKER, and FARIS, Bankruptcy Judges.

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

**INTRODUCTION**

Leslie Klein ("Debtor"), his wife Barbara Klein, and certain trusts[1] created by Debtor and his former wife (collectively, "Appellants") appeal the bankruptcy court's order requiring Debtor (and any other occupants) to turn over property of the estate to the chapter 11[2] trustee.

After Debtor asserted that title to his home was held by various trusts, the chapter 11 trustee sued Appellants to quiet title to the property in the name of the bankruptcy estate. On the chapter 11 trustee's motion for summary judgment, the bankruptcy court held that Debtor's home was property of the bankruptcy estate,[3] and we recently affirmed that determination. *Klein v. Sharp (In re Klein)*, BAP No. CC-25-1002-LCF, 2025 WL 1591289 (9th Cir. BAP June 5, 2025) (the "First Appeal").

Subsequently, in response to the trustee's request, the bankruptcy court ordered Debtor to vacate the property to facilitate the trustee's marketing and sale of the same. Arguing the same points we resolved in connection with the First Appeal, Appellants now appeal the order requiring Debtor to vacate the property.[4]

---

[1] The trusts affiliated with this appeal are the Second Amended Klein Living Trust and two of its subtrusts, namely, the Marital Deduction Trust of Erika Klein and the Survivor's Trust of Leslie Klein.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[3] Although Appellants filed a motion for a stay of the bankruptcy court's order granting the chapter 11 trustee's motion for summary judgment, the bankruptcy court denied their request.

[4] At oral argument, both parties acknowledged that Debtor and his wife had

2

We AFFIRM.

## FACTS[5]

We previously laid out the background facts of this case in a Memorandum disposing of the First Appeal (the "Memorandum"). *In re Klein*, 2025 WL 1591289, at *1-4. We repeat certain relevant facts herein but otherwise incorporate the statement of facts from the Memorandum.

Debtor filed a voluntary chapter 11 petition and scheduled an interest in real property located on June Street in Beverly Hills, California (the "June Property"). Debtor valued the June Property at $4.9 million and, with the exception of a $15,000 tax lien, indicated there were no encumbrances against the June Property. Debtor also scheduled approximately $32 million in liabilities.

Notwithstanding Debtor's inclusion of the June Property as an asset in his schedules, Appellants eventually asserted various interests in the June Property. In response, chapter 11 trustee Bradley D. Sharp (the "Trustee") filed a complaint against Appellants to quiet title to the June

---

vacated the subject property in compliance with the bankruptcy court's order requiring turnover and a subsequent order enforcing the turnover order. Although these developments may raise concerns regarding mootness, neither party has argued that this appeal is moot, and we cannot rule out the possibility that this Panel would be able to provide some form of effective relief to Appellants.

[5] We have taken judicial notice of the bankruptcy court docket and various documents filed through the electronic docketing system. *See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989); *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Property. As relevant to this appeal, the Trustee sought a determination that the June Property was property of the estate.

The bankruptcy court granted the Trustee's motion for summary judgment, ruling, in relevant part, that the June Property was property of Debtor's bankruptcy estate. As noted above, we affirmed that ruling. *Id.* at *8.

During the pendency of the First Appeal, the Trustee filed a motion for entry of an order compelling Debtor to vacate the June Property (the "Turnover Motion"). Appellants opposed the Turnover Motion, reiterating the arguments they made in connection with the First Appeal.

The bankruptcy court entered an order granting the Turnover Motion and requiring Debtor, as well as any other occupants of the June Property, to vacate the June Property within 30 days of entry of the order (the "Turnover Order"). Appellants timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (E). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in granting the Turnover Motion?

## STANDARD OF REVIEW

"Whether property is included in a bankruptcy estate and procedures for recovering estate property are questions of law that we review de novo." *Newman v. Schwartzer (In re Newman)*, 487 B.R. 193, 197 (9th Cir. BAP

2013) (citing *White v. Brown (In re White)*, 389 B.R. 693, 698 (9th Cir. BAP 2008)). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace* (*In re Francis*), 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

## DISCUSSION

On appeal, Appellants repeat their arguments from the First Appeal, raising the same issues we resolved in that appeal. As we discuss in section A, the law of the case doctrine precludes all of Appellants' arguments.

The sole issue in this appeal is whether the bankruptcy court erred in ordering turnover of the June Property. Appellants fail to provide any argument with respect to this issue. As a result, we may affirm the Turnover Order on the basis that Appellants have waived any arguments related to turnover. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (arguments that are "not specifically and distinctly raised and argued in appellant's opening brief" are waived). Nevertheless, as we discuss in section B, the record does not reflect any error with respect to the Turnover Order.

### A. Appellants' arguments are foreclosed by the law of the case doctrine.

"Under the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court or a

5

higher court in the same case." *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (citation omitted).

"Under the law of the case doctrine, a court is barred from reconsidering an issue that already has been decided in the same court or in a higher court in the same case." *FDIC v. Kipperman (In re Com. Money Ctr., Inc.)*, 392 B.R. 814, 832 (9th Cir. BAP 2008) (citing *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990)). "For the law of the case doctrine to apply, the issue must have been decided, either expressly or by necessary implication." *Id.*

> However, even if the law of the case doctrine applies, a court may decide, in its discretion, to revisit the issue if: "(1) the first decision was clearly erroneous and would result in manifest injustice; (2) an intervening change in the law has occurred; or (3) the evidence on remand [is] substantially different."

*Id.* at 832-33 (quoting *Milgard Tempering, Inc.*, 902 F.2d at 715).

Here, the Memorandum already resolved every issue raised by Appellants in their appellate briefs. In addition, Appellants have not argued that an exception to the law of the case doctrine applies. The record before the Panel also does not reflect the existence of an exception: Appellants have not referenced a clear error in either the bankruptcy court's or this Panel's decisions; there has been no intervening change in law; and Appellants have not presented any new evidence that would change the outcome of either the First Appeal or this appeal.

6

Consequently, the law of the case doctrine precludes relitigation of the issues that were decided via the Memorandum.

**B.    The bankruptcy court did not err in entering the Turnover Order.**

Turning to the sole issue presented in the current appeal, given that this Panel already has affirmed the bankruptcy court's conclusion that the June Property is property of the estate, Appellants have not articulated why an order requiring Debtor to vacate property of the estate was error.

Pursuant to § 542(a), entities in possession "of property that the trustee may use, sell, or lease" under the Code "**shall** deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." (Emphasis added). There is no dispute that the Trustee has the power to use, sell, or lease property of the estate, such as the June Property. § 363(b).

In addition, Appellants do not contend that the June Property is of "inconsequential value or benefit to the estate." Nor could Appellants seriously contend as much; as is evident from the facts above, Debtor valued the June Property at $4.9 million and indicated that only a $15,000 tax lien encumbers the June Property. Given the substantial liabilities of the estate, the record reflects that a sale of the June Property is of significant value and benefit to the estate.

Moreover, a debtor has a duty to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." § 521(a)(3). If the debtor fails to cooperate, the court may order

7

turnover of estate property to the trustee. *See In re Bolden*, 327 B.R. 657, 668 (Bankr. C.D. Cal. 2005) ("[Debtor] has been uncooperative. The trustee needs a turnover order to market and sell the property.").

In light of the above, Debtor had a duty to cooperate with the Trustee and turn over the June Property to the bankruptcy estate. The bankruptcy court did not err in ordering Debtor to do so.

## CONCLUSION

The bankruptcy court did not err in entering the Turnover Order. We therefore AFFIRM.